UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON DANTE HARRIS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEON RANDLE, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00254-JDP<br><br>SCREENING ORDER<br><br>SECOND AMENDED COMPLAINT DUE IN THIRTY DAYS<br><br>ECF No. 13<br><br>ORDER DENYING MISCELLANEOUS MOTIONS<br><br>ECF Nos. 6, 8, and 9<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A COPY OF THE DOCKET<br><br>ECF No. 12 |

Plaintiff Devon Dante Harris is a pre-trial detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed September 6, 2019, is before the court for screening under 28 U.S.C. § 1915A. Harris claims that numerous individuals engaged in a conspiracy to deprive him of his identity, property, and other rights. *See* ECF No. 13 at 6. Plaintiff also accuses his public defender of legal malpractice, *id*. at 9; accuses the Kern County district attorney of maliciously prosecuting him, *id*. at 10; and accuses

1

the Kern County sheriff's department of violating his right to equal protection by failing to protect him from the conspiracy, *id*. at 11. I have screened plaintiff's complaint and find that it fails to state a claim. Plaintiff may file an amended complaint within thirty days.

**I.    SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, officers, or employees. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe an unrepresented litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

**II.   DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48

(1988). A defendant has acted under color of state law where he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49 (1988) (internal quotation marks and citation omitted). Such a person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Plaintiff's first amended complaint does not state a claim under 42 U.S.C. § 1983. Almost all of the individuals or government institutions mentioned in the complaint do not appear to be acting under color of state law; instead, they seem to be private individuals who—for example—stole from plaintiff or provided him with legal defense. While the behavior of such individuals may run afoul of the law and may entitle plaintiff to some form of legal relief, it cannot, without more, serve as the basis for a § 1983 claim.

Only two of the defendants appear to have acted under color of state law. First, plaintiff alleges that his rights were violated by the Kern County District Attorney's Office. But, while this institution or its officers may indeed have acted under color of state law, plaintiff has not alleged any facts that would amount to a violation of a federal right. Plaintiff states only that the district attorneys "fraudulently and maliciously decided to prosecute" him despite his alleged innocence, ECF No. 13 at 10.

The only *federal* claim that plaintiff is attempting to raise is an equal protection claim against the second defendant that may have acted under color of state law: the Kern County Sheriff's Department. Plaintiff alleges that the sheriff's department "routinely ignored and failed to investigate numerous reports" from plaintiff in violation of his right to equal protection. *Id*. at 11. But this vague allegation is insufficient to state an equal protection claim, which requires "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Plaintiff has made no allegation of discriminatory intent or discrimination based on

3

membership in a protected class—such as, for example, his racial group or religious affiliation.

## III. CONCLUSION

I have screened plaintiff's complaint and find that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each defendant did and why each defendant's actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within thirty days, we will recommend that the court dismiss plaintiff's complaint for the reasons stated in this order.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The defendants must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 48. Each defendant is only liable for his or her own misconduct, not that of any employees. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). A short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case.

Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. An amended complaint should be titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**IV. MISCELLANEOUS MOTIONS**

Plaintiff has also filed four miscellaneous motions. Three of these motions refer to future scheduling issues and I thus deny them as premature. *See* ECF Nos. 6, 8, and 9. I will, however, grant plaintiff's request for a copy of the docket. ECF No. 12.

**V. ORDER**

1. The clerk's office must send plaintiff a civil rights complaint form.
2. The clerk's office must send plaintiff a copy of the docket.
3. Plaintiff's miscellaneous motions are denied. ECF Nos. 6, 8, and 9.
4. If plaintiff wishes to amend his complaint, he must file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff must caption any amended complaint "Second Amended Complaint," refer to the appropriate case number, and sign the original under penalty of perjury.
5. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   October 21, 2019

UNITED STATES MAGISTRATE JUDGE

No. 205

5