1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  DEVON DANTE HARRIS, JR., | Case No.  1:19-cv-00254-HBK |
| 12  Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT |
| 13  v. | FOURTEEN-DAY OBJECTION PERIOD |
| 14  KERN COUNTY, KERN COUNTY SHERIFF'S DEP'T, DEPUTIES | (Doc. No. 21) |
| 15  UNKNOWN, KERN COUNTY JAIL, DOES UNKNOWN, | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
| 16  Defendant. | |
| 17 | |

18          This matter was reassigned to the undersigned on November 17, 2020.  (Doc. No. 24).

19  Plaintiff Devon Dante Harris, Jr. ("Plaintiff" or "Harris"), a state prisoner proceeding *pro se*,

20  initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).

21  Plaintiff's Third Amended Complaint[1] is before the Court for screening.  (Doc. No. 21).  For the

22  reasons stated below, the undersigned recommends that the Third Amended Complaint be

23  dismissed for failure to state a cognizable claim.

24                                      **I.  BACKGROUND**

25      **A.  Procedural Posture**

26          Plaintiff filed his initial complaint on February 22, 2019 while confined in Kern County

27  _____

28  [1] Plaintiff titles the pleading his "Second" Amended Complaint, but as set forth *infra*, the pleading is Plaintiff's fourth complaint and as such is a Third Amended Complaint.

Jail.  (Doc. No. 1).  The then-assigned magistrate judge granted Plaintiff's motion for leave to proceed *in forma pauperis* on May 7, 2019.  (Doc. No. 7).  Plaintiff sought leave and was granted permission to file an amended complaint (Doc. No. 11), which he filed on September 6, 2019.  (Doc. No. 13).  After screening, the then-assigned magistrate judge concluded that the amended complaint failed to state any cognizable claims.  (Doc. No. 14).  Plaintiff was afforded an opportunity to file a second amended complaint.  (*Id*.).  On December 23, 2019, Plaintiff filed a second amended complaint.  (Doc. No. 17).  The then-assigned magistrate judge issued a second screening order concluding the pleading stated Fourth and Fifth Amendment claims against the Kern County Sheriff's Department and its unnamed deputies, but no other claims.  (Doc. No. 18).  Accordingly, the Court gave Plaintiff the opportunity to either notify the Court of his intention to proceed on the cognizable claims only, amend his complaint, or stand by his second amended complaint, subject to dismissal of non-cognizable claims and improper defendants.  (*Id*.).  Plaintiff chose to file a Third Amended Complaint on July 29, 2020.  (Doc. No. 21, "TAC").  That pleading is the subject of these findings and recommendations.  As of the date of these findings and recommendations, Plaintiff has been transferred from Kern County Jail to High Desert State Prison.

### B.  Summary of the Complaint

The TAC alleges Fourth, Fifth, and Eighth Amendment violations.  (*See generally* Doc. No. 21, "TAC").  Defendants include: Kern County, Kern County Sheriff's Department and unknown sheriff's deputies, the Kern County Jail and "Does Unknown."  (*Id*. at 1-2).  Plaintiff's claims in his TAC stem from his arrests on November 18, 2018, January 3, 2019 and February 12, 2019, when Plaintiff claims he was subjected to an unreasonable search and seizure, arrested without probable cause, deprived of his personal property, and not released after his release date.  (*Id*. at 2-3).  Plaintiff states Kern County has a policy of arresting criminal suspects without probable cause and Kern County Sheriff's Department and its deputies carried out this policy when they arrested him without probable cause on the above dates, in violation of the Fourth Amendment.  (*Id*. at 2-3).  The TAC does not provide any facts surrounding any of Plaintiff's arrests.  Plaintiff states because of his arrests, he "lost vehicles," which the court construes as a

1   Fifth Amendment violation claim.  (*Id*. at 3).  Plaintiff further claims his Eighth Amendment right

2   to be free from cruel and unusual punishment was violated when Defendants Kern County Jail

3   and Kern County Sheriff's Department continued to incarcerate him after his release date.  (*Id*.).

4   Finally, Plaintiff claims that his personal work vehicles were damaged, that he lost his job, fears

5   for his life, has trouble sleeping, and suffers from other unnamed injuries.  (*Id*. at 4).

## II.  APPLICABLE LAW

### A.  Screening Requirements and Fed. R. Civ. P. 8

8          Under 28 U.S.C. § 1915A, a court is required to screen a prisoner's complaint that seeks

9   relief against a governmental entity, its officers, or its employees.  *See* 28 U.S.C. § 1915A(a).

10   The court must identify any cognizable claims and dismiss any portion of the complaint that is

11   frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks

12   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

13   §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in*

14   *forma pauperis*).

15          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

17   Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably

18   meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at

19   327.  The critical inquiry is whether a constitutional claim, however unartfully pleaded, has an

20   arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989);

21   *Franklin*, 745 F.2d at 1227.

22          A claim fails to state a claim upon which relief may be granted if it appears that the

23   plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon*

24   *v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*,

25   651 F.2d 1289, 1294 (9th Cir. 1981).

26          During screening, the court must accept as true the allegations of the complaint, *Hosp.*

27   *Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976), construe the pleading in the light

28   most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  *Jenkins v.*

3

*McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).  The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's claims must be facially plausible to survive screening, which requires enough factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).  Courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Examples of immunity from relief for consideration during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity.  Additionally, a plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. §

1997e(e).  In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimis*, except when involving First Amendment claims.  *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on Prison Litigation Reform Act's injury requirement).

Finally, the Federal Rules of Civil Procedure permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrence" where "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  Unrelated claims must be filed in separate lawsuits.

**B.  Section 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation.  *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

1   affirmative acts or omits to perform an act which he is legally required to do that causes the

2   deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

3   **III.  ANALYSIS**

4      **A.  Doe Defendants**

5        As an initial matter, the TAC identifies "Does Unknown" in the caption and in the listing

6   of Defendants, but otherwise fails to provide any other information about these Doe Defendants.

7   (*See* Doc. No. 21 at 1-2).  The TAC lists "unknown" for the Doe Defendants' employment titles

8   and place of employment.  (*Id*. at 2).  Further, there are no factual allegations in the body of the

9   TAC against any of these Doe Defendants.[2]  The Federal Rules of Civil Procedure do not

10  expressly authorize or prohibit fictitious parties, although Rule 10 does require a plaintiff to

11  include the names of all parties in his complaint.  Fed. R. Civ. P. 10(a).  When a plaintiff refers to

12  unknown defendants as John Does, he must allege specific facts showing how each Doe

13  defendant violated his rights.  He then has the "opportunity through discovery to identify . . .

14  unknown defendants, unless it is clear that discovery would not uncover the identities . . .."'"

15  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629

16  F.2d 637, 642 (9th Cir. 1980)).  Here, it is impossible for the Court to discern anything about the

17  identity of these Doe Defendants.  The TAC is completely silent on what, if any actions these Doe

18  Defendants took that allegedly violated Plaintiff's constitutional rights.  Further, Plaintiff has not

19  shown how discovery would uncover the identities of the Doe Defendants.  Accordingly, the

20  undersigned concludes the TAC fails to state a claim against the Doe Defendants and

21  recommends they be dismissed from the case.

22     **B.  Fourth Amendment Unreasonable Search and Seizure Claim**

23       Upon further review of the allegations in the TAC and binding precedent, the undersigned

24  concludes the TAC fails to state a Fourth Amendment unreasonable search and seizure claim.

25  According to the TAC, Kern County, Kern County Sheriff's Department and its deputies, and

26  Kern County Jail subjected Plaintiff to unreasonable searches and seizures when he was arrested

27  _____

28  [2] Although plaintiff states that Kern County Sheriff's deputies are "also identified as doe defendants," he
    need not name additional "unknown does" for this purpose.  (Doc. No. 21 at 3).

on November 18, 2018, January 3, 2019 and February 12, 2019 and detained in the Kern County Jail without probable cause.  (Doc. No. 21 at 2-3).  The TAC also generally states Plaintiff was held past his release date.  (*Id*. at 3).  The FAC neither specifies the dates of Plaintiff's detention nor his supposed release date.  (*See generally Id*.).

Although Plaintiff characterizes this claim as a violation of his Eighth Amendment rights, Plaintiff's rights stem from the Fourth Amendment.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures."  "A person is seized" whenever officials "restrain[ ] his freedom of movement" such that he is "not free to leave."  *Brendlin* v. *California*, 551 U. S. 249, 254 (2007).  "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime."  *Bailey v. United States*, 568 U. S. 186, 192 (2013).  Further, pre-trial detention without probable cause violates the Fourth Amendment right to be free from unreasonable seizures.  *See Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").

At the outset, neither Kern County Sheriff Department nor Kern County Jail are "persons" subject to suit under § 1983.  *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("municipal police departments and bureaus are generally not considered 'person' within the meaning of section 1983");  *Harper v. San Diego Cty*., No. 3:20-CV-02409-CAB-LL, 2021 WL 2433928, at *2 (S.D. Cal. June 15, 2021) (finding San Diego Jail not a "person" subject to § 1983 civil rights claims).

However, "[m]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies."  *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 691 (1978).  A local government entity such as Kern County, however, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell,* 436 U.S. at 694.  Thus, Kern County may not be held

1    liable for the acts of its employees unless "the action that is alleged to be unconstitutional

2    implements or executes a policy statement, ordinance, regulation, or decision officially adopted or

3    promulgated by that body's officers," or unless the alleged constitutional deprivation was "visited

4    pursuant to a governmental 'custom' even though such a custom has not received formal approval

5    through the decision-making channels."  *Id.*

6         The TAC contains only conclusory allegations that Kern County has policies and practices

7    which allow individuals to be arrested without a warrant or probable cause, in violation of the

8    Fourth Amendment.  (Doc. No. 21 at 2-3).  The TAC neither cites to any established policy or

9    provides any facts from which a pattern, policy or practice can be inferred.  *See City of St. Louis*

10   *v. Praprotnik*, 485 U.S. 112, 127 (1988) (recognizing that despite the absence of an explicit

11   policy, a plaintiff may establish liability by articulating a permanent and well-settled practice by

12   the defendants); *see also Navarro v. Block*, 72 F.3d 712, 714–15 (9th Cir. 1996).  At the pleading

13   stage, a complaint "may not simply recite the elements of a cause of action but must contain

14   sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

15   defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)*; AE ex rel.*

16   *Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

17        Here, the TAC provides no underlying facts to support Plaintiff's claim of a widespread

18   policy and practice of arresting and detaining individuals without probable cause.  Instead, the

19   TAC contains only wholly conclusory statements that Defendants arrest individuals without a

20   warrant or probable cause but fails to provide any facts to support this assertion.  These claims do

21   not give Defendant Kern County fair notice and the opportunity to defend itself.  Accordingly, the

22   undersigned recommends that Plaintiff's Fourth Amendment claims against Kern County, Kern

23   County Sheriff's Department and Kern County Jail be dismissed.

24        Similarly, the TAC is devoid of any facts in support of Plaintiff's claims that Kern County's

25   unknown deputies arrested and detained him without probable cause on various occasions.  The

26   TAC fails to set forth any facts attendant to or circumstances surrounding Plaintiff's arrests.

27    Plaintiff fails to provide any information regarding what each unknown deputy did or failed to do

28   in connection with his various arrest.  Thus, the undersigned recommends the Fourth Amendment

1   claims against the unknown deputies be dismissed.

2          **C.  Fifth Amendment Takings Claim**

3          The Fifth Amendment requires the Government to pay just compensation when it takes

4   property and applies to both personal and real property.  U.S. Const., Amdt. 5; *Horne v. Dep't of*

5   *Agriculture*, 576 U.S. 350, 359-360 (2015).  Mere allegations that a person is deprived of

6   property by the state is not sufficient to state a constitutional claim.  Rather, the Constitution

7   requires the government to provide due process and make just compensation for any taking.  *Id*.

8   "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a

9   violation of the procedural requirements of the Due Process Clause of the Fourteenth

10  Amendment if a meaningful post deprivation remedy for the loss is available."  *Hudson v.*

11  *Palmer*, 468 U.S. 517, 533 (1984); *King v. Massarweh*, 782 F.2d 825, 827 (9th Cir. 1986)

12  ("[P]ost-deprivation proceedings are sufficient to meet due process standards.").  A claim

13  pursuant to § 1983 for deprivation of property does not arise "unless and until the State fails to

14  provide" an adequate process to remedy the claimed deprivation of property.  *See Zinermon v.*

15  *Burch*, 494 U.S. 113, 125-26 (1990).  "Thus, in challenging a property deprivation, the claimant

16  must either avail himself of the remedies guaranteed by state law or prove that the available

17  remedies are inadequate."  *Hudson v. Palmer*, 468 U.S. at 539 (J. O'Connor, concurrence).

18         Here, Plaintiff claims that the Kern County Sheriff's Department caused him to "lose

19  vehicles" and that his "personal work vehicles were damaged."  (Doc. No. 21 at 3-4).  California

20  law permits civil tort claims against public officials under the Government Claims Act, which the

21  Ninth Circuit has held to be an adequate post-deprivation remedy for any property deprivation.

22  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); Cal. Gov't Code §§ 810-895; *see*

23  *also Stribling v. Wilson*, 770 Fed. Appx. 829, 830 (9th Cir. May 23, 2019) (dismissing claims that

24  a prisoner was wrongfully deprived of personal property and noting that California law provides

25  an adequate post-deprivation remedy).  Because Plaintiff has an adequate post-deprivation

26  remedy through California state law, his destroyed property allegations fail to state a federal

27  claim.  *See King*, 782 F.2d at 827 (Plaintiff is "relegated to the post-deprivation remedies

28  available through the civil tort law process for [his] due process claims.").  Upon further review

of the allegations in the TAC and binding precedent, the undersigned concludes that the TAC fails to state a Fifth Amendment takings claim.  Accordingly, the undersigned recommends that Plaintiff's Fifth Amendment takings claim be dismissed.

## IV.  ORDER AND RECOMMENDATION

Based on the above, the Court finds that Plaintiff's TAC fails to state any cognizable claims.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is **ORDERED**:

The Clerk of the Court shall assign a District Judge to this action.

Further, it is **RECOMMENDED**:

This action be dismissed due to Plaintiff's failure to state claims upon which relief may be granted.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  ___July 19, 2021___

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE